UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TINA L. VINOCUR,

        Plaintiff,                Case No.

vs.                                      Hon.

PEPPER PIKE CAPITAL
PARTNERS, LLC, an Ohio
Limited Liability Company; and
PEPPER PIKE PROPERTY
MANAGEMENT, LLC, an Ohio
Limited Liability Company,
*jointly and severally,*

        Defendants.
_____/

Brian J. Farrar (P79404)
Raymond J. Sterling (P34456)
Attorneys for Plaintiff
STERLING ATTORNEYS AT LAW, P.C.
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500
bfarrar@sterlingattorneys.com
rsterling@sterlingattorneys.com
_____/

**COMPLAINT AND JURY DEMAND**

Plaintiff Tina L. Vinocur, by her attorneys Sterling Attorneys at Law, P.C., for her Complaint and Jury Demand submits the following:

## JURISDICTIONAL ALLEGATIONS

1. Plaintiff is an individual residing in West Bloomfield, Michigan, within the Eastern District of Michigan, and is a citizen of the State of Michigan.

2. Defendant Pepper Pike Capital Partners, LLC ("PP Capital") is an Ohio Limited Liability Company, with its principal place of business in Orange Village, Ohio.

3. Defendant Pepper Pike Property Management, LLC ("PP Property") is an Ohio Limited Liability Company, with its principal place of business in Orange Village, Ohio.

4. Defendant PP Capital has one member: The Paul E. Kiebler, IV Revocable Trust (dated January 13, 2014).

5. The sole beneficiary of the Paul E. Kiebler, IV, Revocable Trust is Paul E. Kiebler, IV ("Kiebler").

6. Kiebler is a citizen of Ohio and resides at 2916, Nottingham Lane, Hunting Valley, Ohio 44022.

7. Defendant PP Property has one member: Defendant Pepper Pike Capital Partners, LLC.

8. The only state in which any member of the named defendants is a citizen is Ohio.

9. This Court has diversity jurisdiction under 28 USC 1332(a) because plaintiff is a citizen of Michigan, and defendants are citizens of Ohio, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. Venue is proper in this district under 28 USC 1391(b)(2) and (b)(3) because a substantial part of the events giving rise to this claim occurred in this judicial district and defendants conduct business in this judicial district.

11. Plaintiff is a former employee of defendants.

12. Defendants were plaintiff's "employer" as defined in §201(a) of the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101, *et seq.* at all relevant times.

## GENERAL ALLEGATIONS

13. Defendant PP Capital is a real estate investment company and defendant PP Property manages the properties owned by PP Capital.

14. In November 2019, Kiebler hired plaintiff as a regional manager for PP Property.

15. PP Property manages a portfolio of apartment buildings and leases them to tenants in Michigan and Ohio.

16. As a regional manager, plaintiff was responsible for overseeing several properties and was also tasked with hiring a team of employees and managers who reported to her.

17. Kiebler requires employees who interact with potential tenants, such as leasing team members, property managers and regional managers fit a certain mold: they must be young and physically attractive.

18. Throughout her employment, plaintiff was the oldest regional manager.

19. Defendants treated plaintiff differently due to her age and gender.

20. Supervisors repeatedly made negative comments about plaintiff's physical appearance, suggesting that she was poor at her job because they deemed her to be too old and not physically fit.

21. Nobody ever commented on the appearance of plaintiff's male colleagues in the same manner they did to plaintiff.

22. Defendants treated younger employees better than they treated plaintiff.

23. One of plaintiff's supervisors, PP Capital's Director of Revenue, told plaintiff that the company wants to hire young, physically attractive people and that plaintiff should "keep the preferred demographic or look."

24. When plaintiff told her that plaintiff is not comfortable hiring or firing people based on their age, race, and gender, and continued referring qualified job candidates even if they were older or non-white, the supervisor rejected them.

25. Defendants also retaliated against plaintiff by threatening her job and demoting her.

26. Another one of plaintiff's supervisors, Kristie Arnst, told plaintiff that defendants were discriminating against plaintiff due to plaintiff's age, gender, and weight.

27. Defendants constructively discharged plaintiff on September 21, 2020.

### COUNT I – AGE/SEX/WEIGHT DISCRIMINATION IN VIOLATION OF THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT

28. Plaintiff incorporates the preceding paragraphs by reference.

29. At all material times, plaintiff was an employee and defendants were her employer covered by and within the meaning of Michigan's Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.*

30. Defendants treated plaintiff differently, harassed her, discriminated against her and constructively discharged her due to plaintiff's age, gender, and weight.

31. Defendant was predisposed to discriminate against plaintiff on the basis of her age, gender, and weight and acted in accordance with that predisposition.

32. The discriminatory practices at issue were intentional and willful, and engaged in with malice or with reckless indifference to the rights and sensibilities of plaintiff.

33. As a direct and proximate result of those actions, the terms, conditions and privileges of plaintiff's employment were adversely affected and she was constructively discharged.

34. As a direct and proximate result of the defendants' wrongful and discriminatory treatment of plaintiff, plaintiff has suffered injuries and damages, including, but not limited to, loss of past, present and future earnings and earning capacity; loss of the value of fringe and pension benefits; mental and emotional distress, including anxiety and mental anguish; humiliation and embarrassment; and loss of the ordinary pleasures of everyday life, including the right to seek and pursue gainful occupation of choice.

## COUNT II - RETALIATION IN VIOLATION OF THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT

35. Plaintiff incorporates the preceding paragraphs by reference.

36. The Michigan Elliott-Larsen Civil Rights Act prohibited defendants from retaliating against plaintiff for opposing discriminatory practices in the workplace.

37. Plaintiff engaged in protected activity when she informed defendants that she objected to defendants' use of age, race, gender, or weight when making staffing decisions.

38. Defendants constructively discharged plaintiff, in whole or in part, because plaintiff objected to defendants' discriminatory practices.

39. Defendants' acts were willful within the meaning of the Michigan Elliott Larsen Civil Rights Act.

40. As a direct and proximate result of defendants' conduct, plaintiff has suffered and will continue to suffer severe injuries, including the following:

   A. lost past and future compensation, including the value of fringe benefits;

   B. lost earning potential;

   C. humiliation, loss of reputation, betrayal, and emotional distress; and

   D. other incidental, exemplary, and consequential damages, including attorney fees.

WHEREFORE, plaintiff respectfully requests that this Honorable Court enter judgment against defendants, jointly and severally, in whatever amount in excess of Seventy-Five Thousand Dollars ($75,000) plaintiff is found to be entitled, together with exemplary damages, costs, interest as an element of damages, statutory interest, and attorney fees.

## JURY DEMAND

Plaintiff Tina L. Vinocur, by her attorneys Sterling Attorneys at Law, P.C., requests a trial by jury.

Respectfully submitted,

STERLING ATTORNEYS AT LAW, P.C.

By: /s/Brian J. Farrar
Brian J. Farrar (P79404)
Raymond J. Sterling (P34456)
Attorneys for Plaintiff
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500

Dated: August 11, 2021